# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 3:15-cr-00013-RCJ-WGC-1 |
| vs. ) | |
| ) | |
| MICHAEL A. PEREZ et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

    A grand jury has returned a Third Superseding Indictment charging Defendant Michael A. Perez with one count of conspiracy to commit money laundering, eight counts of money laundering, one count of conspiracy to distribute and possess methamphetamine, two counts of possession with intent to distribute methamphetamine, one count of possession of a firearm during and in relation to a drug trafficking crime, two counts of distribution of methamphetamine, and three forfeiture allegations. (Third Sup. Ind., ECF No. 52). The Carson City Sheriff's Office ("CCSO") has asked the Court to quash a subpoena issued by Perez's attorney. For the reasons given herein, the Court grants the motion.

    "On motion made promptly, the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See* Fed. R. Crim. P. 17(c)(2). The Court has discretion in deciding whether to quash a subpoena under Rule 17(c). *See United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981). A subpoena duces tecum in a criminal case is not properly used as

a discovery tool, but only to ensure that documents are brought to trial early enough that the opposing party may review them before they are offered into evidence. *United States v. Nixon*, 418 U.S. 683, 698–99 & n.11 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). A subpoena duces tecum may also be used to require production before trial under certain circumstances. *See id.* In order to support a subpoena:

> the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.* at 699–700 (footnote omitted).

The subpoena duces tecum directs a records custodian from CCSO to appear at the September 28, 2015 trial[1] with "Any and all police reports mentioning MICHAEL PEREZ. Additionally, a complete copy of Carson City Sheriff's Office gang file related to MICHAEL PEREZ." (Subpoena, ECF No. 109-1). This Court has previously quashed similar subpoenas as unreasonable and oppressive. (*See* Order 2–4, ECF No. 628 in Case No. 2:08-cr-283). There, as here, the subpoena's overbroad language demanding "any and all" information relating to a given person shows that it is being improperly used as a discovery tool and a "fishing expedition."

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Quash (ECF No. 109) is GRANTED.

IT IS SO ORDERED.

Dated this 9th day of November, 2015.

                                                                         _____
                                                                                       ROBERT C. JONES
                                                                              United States District Judge

---

[1] The trial has since been continued to March 28, 2016.