1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                         **DISTRICT OF NEVADA**

6

7   UNITED STATES OF AMERICA,          )
                                       )
8               Plaintiff,             )
                                       )        3:15-cr-00013-RCJ-WGC-1
            vs.                        )
9                                      )
   MICHAEL A. PEREZ et al.,            )              **ORDER**
10                                     )
              Defendants.              )
11  _____)

12          Defendant Michael Perez pled guilty to Count 25 of the Fourth Superseding Indictment

13   for possession with intent to distribute at least 50 grams of methamphetamine.  On August 8,

14   2016, the Court sentenced Defendant to 168 months imprisonment.  Defendant filed a motion for

15   habeas corpus relief under 28 U.S.C. § 2255.  The Court denied the motion as waived, except as

16   to Grounds I and V, the latter of which the Court denied on the record.  In Ground I, Defendant

17   argued that trial counsel was ineffective for failing to file a notice of appeal despite Defendant

18   having told him he wanted to appeal.  The Court rejected Ground I, ruling that counsel cannot

19   have been ineffective for failing to file a notice of an appeal where the right to appeal had been

20   waived.  The Court of Appeals vacated and remanded under *United States v. Sandoval-Lopez*,

21   409 F.3d 1193 (9th Cir. 2005).  Although the Court of appeals has called the result "troubling,"

22   so long as a defendant shows that his attorney disobeyed his instructions to appeal, there is

23   ineffective assistance as far as the district court is concerned; it is for the Court of Appeals to

24   dismiss the appeal as waived.  *Id.* at 1197.  Under these circumstances, the district court should

25   hold an evidentiary hearing as to whether the defendant in fact told his attorney to appeal.

Alternatively, the Government may choose not to oppose the ground for appeal and permit an appeal in order to "free itself from the restraint of the plea bargain, or because getting the appeal dismissed would be less work than an evidentiary hearing." *Id.* at 1198.

Accordingly, the Court ordered the Government to file a notice indicating whether it intended to oppose Ground I on the evidence or not to oppose Ground I. The Government has indicated it will not oppose Ground I and suggests the Court grant the motion under § 2255 as to Ground 1 only and vacate and reenter the judgment of conviction, which will give Defendant 14 days to appeal.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion (ECF No. 219) is GRANTED IN PART, as to Ground 1, but is otherwise DENIED. A certificate of appealability is DENIED as to Grounds 2–5.

IT IS FURTHER ORDERED that the Judgment (ECF No. 191) is VACATED.

IT IS FURTHER ORDERED that the Clerk shall immediately reenter the Judgment (ECF No. 191) anew as of the present date.

IT IS SO ORDERED.

DATED: This 11th day of March, 2019.

_____
ROBERT C. JONES
United States District Judge