# UNITED STATES DISTRICT COURT
District of Nevada

UNITED STATES OF AMERICA
v.
MICHAEL A. PEREZ
a/k/a Boxer

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 3:15-CR-0013-RCJ-WGC

USM Number: 49730-048

Scott Edwards, CJA
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s) TWENTY-FIVE OF THE FOURTH SUPERSEDING INDICTMENT

☐ pleaded nolo contendere to count(s) ______ which was accepted by the court.

☐ was found guilty on count(s) ______ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(viii) | Possession with Intent to Distribute at Least 50 Grams of Actual Methamphetamine | 1/21/2015 | 25 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

X Count(s) ALL REMAING are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 8, 2016
Date of Imposition of Judgment

Signature of Judge

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE
Name and Title of Judge

Date August 23, 2016

DEFENDANT: MICHAEL A. PEREZ a/k/a Boxer
CASE NUMBER: 3:15-CR-0013-RCJ-WGC

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: ONE HUNDRED SIXTY-EIGHT (168) MONTHS

X The court makes the following recommendations to the Bureau of Prisons:

-That the defendant be designated to FCI facility in or as near to Reno, Nevada.

-Further, that the defendant be allowed to participate in a residential drug treatment program.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at __________ ☐ a.m. ☐ p.m. on ____________________.
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ before 2 p.m. on ____________________.
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____________________ to ______________________________ a ____ ______________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
DEPUTY UNTIED STATES MARSHAL

DEFENDANT: MICHAEL A. PEREZ a/k/a Boxer
CASE NUMBER: 3:15-CR-0013-RCJ-WGC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: FIVE (5) YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOSE IGNACIO HERNANDEZ-GUZMAN
CASE NUMBER: 3:15-CR-0013-RCJ-WGC

## SPECIAL CONDITIONS OF SUPERVISION

1. **Possession of Weapons** - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. **Warrantless Search** - You shall submit to the search of your person, property, residence or automobile under your control by the probation officer or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.

3. **Substance Abuse Treatment** - You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

4. **Alcohol Abstinence** - You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment.

5. **True Name** - You shall use your true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth, and any other pertinent demographic information.

6. **No Contact Condition** - You shall not have contact, directly or indirectly, associate with any gang members, or be within 500 feet of any gang members, their residence or business, and if confronted by in a public place, you shall immediately remove yourself from the area.

7. **Debt Obligations** - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

8. **Access to Financial Information** - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

9. **Report to Probation Officer After Release from Custody** - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_______________________________ _______________
Defendant's signature Date

_______________________________ _______________
Signature of the U.S. Probation Officer/Designated Witness Date

DEFENDANT: MICHAEL A. PEREZ a/k/a Boxer
CASE NUMBER: 3:15-CR-0013-RCJ-WGC

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $100.00 | $1,000.00 | $N/A |

☐ The determination of restitution is deferred until ___________. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk of the Court<br>Attention: Finance<br>Case No. 3:15-CR-0013-RCJ-WGC<br>333 Las Vegas Blvd. South, Room 1334<br>Las Vegas, NV 89101 | | | |
| TOTALS | $_______________ | $_______________ | |

☐ Restitution amount ordered pursuant to plea agreement $ _______________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MICHAEL A. PEREZ a/k/a Boxer
CASE NUMBER: 3:15-CR-0013-RCJ-WGC

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A X Lump sum payment of $ 1,100.00 due immediately, balance due

☐ Not later than ____________________, or
X in accordance ☐ C, ☐ D, ☐ E, or X F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal ______________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ____________ *(e.g., months or years)*, to commence __________ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal ______________ *(e.g., weekly, monthly, quarterly)* installments of $ ________ over a period of ____________ *(e.g., months or years)*, to commence __________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F X Special instructions regarding the payment of criminal monetary penalties:

**Any unpaid balance shall be paid at a monthly rate of not less than 10% of any income earned during incarceration and/or gross income while on supervision, subject to adjustment by the Court based upon ability to pay.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:
SEE ATTACHED ORDER OF FORFEITURE

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL A. PEREZ,<br>also known as Boxer,<br><br>Defendant. | ) | 3:15-CR-013-RCJ-(WGC)<br><br>Preliminary Order of Forfeiture |

This Court finds that defendant MICHAEL A. PEREZ, also known as Boxer, pled guilty to Count Twenty-Five of a Thirty-Two-Count Fourth Superseding Indictment charging him with Possession with Intent to Distribute at least Fifty Grams of Actual Methamphetamine in violation of Title 21, United States Code, Section 841(a)(1). Fourth Superseding Indictment, ECF No. 114; Plea Agreement, ECF No. 144; Change of Plea, ECF No. 154.

This Court finds defendant MICHAEL A. PEREZ, also known as Boxer, agreed to the forfeiture of the property set forth in the Plea Agreement and the Forfeiture Allegation of the Fourth Superseding Indictment. Fourth Superseding Indictment, ECF No. 114; Plea Agreement, ECF No. 144; Change of Plea, ECF No. 154.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegation of the Fourth Superseding Indictment and the offense to which defendant MICHAEL A. PEREZ, also known as Boxer, pled guilty.

The following property is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a)(1), (a)(2), and (p):

1. an Astra .357 revolver, bearing serial number R195971, and any ammunition therefor; recovered from the residence, 131 River Village Circle, Dayton, Nevada, on or about January 21, 2015; and
2. a 2007 Nissan Maxima SL, vehicle identification number (VIN) 1N4BA41E27C866501, registered to Michael Perez-DeGracia and Lorena Tello

(all of which constitutes property).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of MICHAEL A. PEREZ, also known as Boxer, in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to

adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, Bruce R. Thompson U.S. Courthouse and Federal Building, 400 South Virginia Street, 3rd Floor, Reno, NV 89501, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

Greg Addington
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, NV 89501

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

Dated: This 21st day of June, 2016.

UNITED STATES DISTRICT JUDGE